# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-75(4) (JNE/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Alkwan Kwame Lawson-Holiday, | |
| Defendant. | |

Thomas Calhoun-Lopez, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Jean M. Brandl, Brandl Law, LLC, 310 Fourth Ave. S., Suite 5010, Minneapolis MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Steven E. Rau, on the parties' non-dispositive pretrial motions. Based upon the record, motions and memoranda, and the arguments of counsel at the hearing and in their respective filings, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Release of Brady Materials (ECF No. 277) is **GRANTED in part** and **DENIED in part**. The Government represents it is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and that it has and will continue to comply with those obligations. (ECF. No. 282, at 1). To the extent Defendant seeks disclosure of evidence favorable to Defendant pursuant to *Brady*, *Giglio*, their progeny, and the Federal Rules of Criminal Procedure, the Motion is **GRANTED**. To the extent Defendant seeks disclosure of evidence outside the scope of *Brady*, *Giglio*, their progeny, and the Federal Rules of Criminal Procedure, the Motion is **DENIED**.

2. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence, (ECF No. 278), is **GRANTED in part** and **DENIED in part** as follows. Defendant seeks an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to "retain and preserve" all rough notes pertaining to this matter, as well as preserving evidence seized in the course of their investigation. Defendant also requests production of those rough notes. The Government does not object to the retention of rough notes but objects to any order concerning the disclosure of such notes. (ECF No. 282, at 2). Accordingly, the Government shall direct its agents involved in this case, including any confidential informants, to preserve and retain any rough notes pertaining to this case. To the extent Defendants seek disclosure of the rough notes and those rough notes are not discoverable pursuant to other means, such as rule 16, *Brady*, or some other authority, the request is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery. In most circumstances, then, a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." (citation omitted)).

3. Defendant's Motion for Discovery, (ECF No. 279), is **GRANTED** as follows: Defendant seeks discovery pursuant to the Federal Rules. The Government does not object. (ECF No. 282, at 2). Therefore, Defendant's motion is granted; the Government shall comply with its obligations under the Federal Rules of Criminal Procedure.

4. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF. No. 280) is **DENIED**. "The Jencks Act requires that the prosecutor disclose any statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n.2. Nothing in this Order precludes the Government, from making Jencks Act material available to Defendant prior to trial as it has represented it has and will continue to do. (ECF No. 282, at 3).

5. Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. 281) is **GRANTED in part** and **DENIED in part**. To the extent Defendant seeks disclosure of information that is within the scope of Rule 404(b), the motion is **GRANTED**. The motion is **DENIED** in all other respects.

Dated: April 17, 2019                    *s/ Steven E. Rau*
                                         Steven E. Rau
                                         United States Magistrate Judge
                                         District of Minnesota